Hyatt, J.
The appellant contends, first, that the affidavit of Simon Hatch does not state that the plaintiffs constitute the firm of Doctor & Go., but merely that Hatch is a member of the firm and one of the plaintiffs; that this is not sufficient to enable him to swear that the sum is due over all counterclaims known to the plaintiffs, and further, that Hatch merely swears that the sum is due over all counter claims known to deponent, which is also insufficient.
Hatch swears that he is one of several plaintiffs. His distinct statement is: “I am a member of the firm of Doctor & Go., and one of the plaintiffs above named.” The only plaintiffs so above named being Doctor and himself, it is a fair presumption that they constitute the firm.
From the relation of the affiant to the parties and the subject matter in issue, it is apparent that he has knowledge of the alleged transaction. The law will not infer that matters positively sworn to were not within the personal knowledge of the affiant, unless it is apparent that such knowledge is a matter of impossibility. It is to be presumed that if counter-claims existed in favor of the defendant, that some knowledge of that fact would have been possessed by the plaintiff Hatch making the affidavit. For the purposes of the statute, his knowledge constituted that which was known to the plaintiffs, and his allegation is a substantial compliance therewith (Stevens agt. Middleton, 26 Hun, 470).
The cases of Murray agt. Hanken (30 Hun, 37, Gen. Term, 1st Dept.), and Cribbins agt. Schillinger (Id., 284), cited by the defendant in support of his position, do not avail him. In the first the affidavit was made by the agent of the plaintiff, who swore that the sum was due over all counterclaims existing in favor of the defendant to the knowledge of deponent. The learned judge, writing the opinion of the court, admitted that had this allegation been “to the knowledge of the plaintiff,” the affidavit would have been sufficient. The learned chief justice, dissenting from the decision of the court, suggested that the agent evidently had *54 better, or at least as good, knowledge of the condition of things between the plaintiff and defendant as the plaintiff himself, and that the affidavit was therefore sufficient.
In the second case the affidavit was made by the plaintiff’s attorney, alleging a sum due over claims, “ known to the plaintiffs or the deponent.” The general term, fourth department, there held that “ the affidavit of the attorney might have sufficed if it had appeared that he had knowledge as to the existence of counter-claims, and perhaps would have been enough (though as to that we express no opinion) if he had stated that he was informed by his clients that none existed.” It is thus obvious that the above cases are inapplicable to the case at bar.
However, irrespective of the strength of this affiant’s position, arising out of the fact that he was one of the only two plaintiffs in the case, it would seem that his affidavit would have been sufficient if it had not contained the precise words used in the Code of Civil Procedure (sec. 636). If equivalent words were used, and it furnished evidence from which the judge might lawfully satisfy himself of the truth of the matters required to be shown, and even if the words “ known to him ” after the word “ discounts,” had been omitted, it would not have affected its sufficiency (Lamkin agt. Douglass, 27 Hun, 517, Gen. Term, 3d Dept).
The affidavit on which the attachment was granted, states a sufficient cause of action against the defendant (Kiefer agt. Webster, 6 Hun, 526.)
It is true that the affidavit of Brown states the action to be, for goods sold and delivered to the defendant, but whether by the plaintiffs or some one else does not appear. It states more, however, and precisely the facts necessary to show the existence of a cause of action in favor of the plaintiffs against the defendant, to wit, that the affiant was the bookkeeper of the plaintiffs and personally acquainted with the defendant. That the defendant had in his possession several statements showing a balance due to the plaintiffs, for goods sold and *55 delivered to him; that he had frequently acknowledged to the affiant his indebtedness to the plaintiffs for the amount claimed in the suit now pending.
The case at bar in this respect differs widely from that of Pomeroy agt. Ricketts (27 Hun, 242), relied upon by the defendant. In that case the allegations of the affiant simply were that “ the defendants owed my firm §1,808, over and above all counter-claims known to the plaintiffs and to me for goods sold and delivered by my firm to the defendants ” (Pomeroy agt. Ricketts, supra). This was held to be simply a recital from which the plaintiff, making the affidavit, concluded that such a right of action did exist.
In the case at bar, if the affiant Brown has sworn truthfully concerning facts peculiarly within his personal knowledge, the defendant has conceded the existence of a course of action as alleged in favor of the plaintiffs against him.
A further objection is advanced, that the affidavit does not state that the defendant is an adult (sub. 5, sec. 3169, Code of Civ. Pro.), and that this omission is a jurisdictional defect. This court at special term has held that failure to so allege is immaterial ( Wentzlar agt. Ross, 50 How. Pr., 397); subsequently a different view was entertained and this point sustained at such a term of this court (American Mills Co. agt. Schnitzer, 1 Daily Reg., June 16, 1884).
In the latter case I apprehend that there was an entire absence of proof upon which to found a legal presumption that the defendant was an adult. In this case the affidavit of Brown says, “a short time ago he (defendant) represented himself to deponent to be a man of means.” This would clearly indicate that he had arrived at mature years, and that he was an adult.
The order denying the motion to vacate the attachment, must be affirmed, with costs.